COVENANT.

## Miller *et al.* *vs* The Commonwealth for Gwathmey.

*Case 57.*

ERROR TO THE JEFFERSON CIRCUIT.

*Pleas and pleading.   Constables.*

*Sept. 12.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

Case stated.

THIS is an action brought against Miller, as Constable, and his sureties on his official bond.   The declaration alledges, in substance, that a distress warrant in favor of Gwathmey against W. & D. H. Davis, was placed in Miller's hands as Constable, and that he levied the same, and took from William Davis, one of the defendants, a replevin bond, with P. H. Fairnback as surety, who was at the time, and still remains, wholly insolvent, and that execution has issued on said bond which has been returned, "no property found."

Pleadings.

The defendants demurred to the declaration, and filed two pleas : 1st. That the surety was sufficient at the time when he was taken, and was approved by the officer. 2d. That there was no rent in arrear and payable in money from the said W. & D. H. Davis to said Gwathmey. The plaintiff joined the demurrer, took issue on the first plea and demurred to the second.   The Court overruled the demurrer to the declaration, and sustained the plaintiff's demurrer to the second plea, and the jury, on the trial of the issue, having found the full amount of the replevin bond and interest, in favor of the plaintiff, and a judgment being rendered thereon, the defendants have appealed to this Court.

The declaration is good. It avers facts constituting an official misfeasance which amounts to a breach of the condition of the Constable's bond, and the demurrer to it was therefore properly overruled.

We also think the second plea is bad in two respects. It purports to answer the whole declaration. The Constable, by taking insolvent security in a replevin bond, though the principal be good, has been guilty of a breach of the condition of his bond, and for such breach nominal damages at least may be recovered against him; so that whether rent was in arrear or not, if even such matter could be pleaded by him, the entire action would not be defeated by it.

But, secondly, the obligors in the bond, after its execution, would be estopped to plead, that there was no rent in arrear, and so would the officer who has taken the same. The plea in effect is a plea of *nil debit*, which is not good to an action upon a bond.

Enough is proven to authorize the jury to infer that the surety was insolvent when he was taken, and that neither he nor his principal, Wm. Davis, had any effects when the replevin bond fell due subject to execution, or out of which the debt, or any part of it, could be made; they were, therefore, warranted in finding for the plaintiff the whole amount of the debt and interest.

The Constable and his sureties cannot escape from responsibilty for the whole debt upon the ground that the plaintiff has failed to prove the insolvency of D. H. Davis, the other principal debtor, who was left out of the bond. To allow them to do so would be to allow the Constable to rely upon one delinquency in excuse for another.

The execution and return of the bond to the Clerk's office merges the distress warrant, and no further steps can be taken upon it while the bond remains in force. The plaintiff, at his election, may quash it upon motion, for the omission, and proceed *de novo* against the original debtor, or he may proceed upon the bond; and in the latter case, if he fails to make the money he may sue the officer for his delinquency in taking insufficient security, and recover from him and his sureties in his of-

---

*Margin notes:*

MILLER *et al.*
*vs*
COMMONWEALTH FOR GWATHMEY.

A declaration against a Constable and sureties, averring that he took a replevy bond from one of two defendants with insufficient surety, shows a misfeasance and is good.—

—A plea which purports to answer the whole declaration must do it.

*Nihil debit* is not a good plea to an action on a bond, neither is it a good plea by an officer, who is sued for taking insufficient surety in a replevy bond, to say that nothing was due at the time it was taken, to plaintiff therein.

A Constable taking a replevy bond of one of two defendants with insufficient surety, whereby the debt cannot be made thereon, is responsible for the entire judgment, though the other defendant may not be insolvent.

MACEY'S EX'RS.
*vs*
FENWICK'S AD'R

ficial bond, the amount that he is unable to make upon the replevin bond, or has failed to collect, without any proof as to the insolvency of the debtor who has been evicted. If he is solvent, the officer has been guilty of the greater wrong by leaving him out, and cannot, thereby, be excused or exonerated from his responsibility to the full extent for failing to take good security in the bond which he has taken.

The plaintiff may if he choose, quash a replevy bond given by one of two defendants, yet he is not bound to do so to have his recourse against the officer who improperly leaves out such defendant.

The plaintiff is not bound to quash the bond for this omission—nor could he quash it after the first term of the Court succeeding the emanation of the first execution upon it: (*Stat. Law*, 1554.) Having elected to proceed upon the bond he is not bound to look behind it, nor can the officer who has been guilty of the omission require him to do so.

Judgment affirmed with costs, &c.

*Ronald* for plaintiffs: *Pirtle* for defendant.

---

CHANCERY.

Case 58.

October 27.

Case stated.